[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S POST-JUDGMENT MOTION FOR CONTEMPT (#138)
The defendant, Robert Stone, moves to have the plaintiff, Cynthia Herron (formerly Cynthia Stone), held in contempt for failure to transfer property in accordance with their judgment of dissolution. Specifically, Mr. Stone asserts that Ms. Herron willfully failed to transfer one half the value of her so-called SEP account, as required by their separation agreement that was incorporated into the judgment. The root of the problem is that the SEP account, consisting mostly of stocks, has now substantially decreased in value. For the reasons set forth below, the motion for contempt is denied. Ms. Herron, however, is ordered to pay Mr. Stone $51,956 in cash from the SEP account within thirty days.
 Discussion
The parties' marriage was dissolved on April 27, 2001. At that time, an agreement was filed with the court that detailed the division of their property. The agreement was handwritten and signed by both plaintiff and defendant and their respective counsel. The court (Kenefick, J.) incorporated the agreement into the judgment of dissolution. As relevant to the present motion, paragraph 5 of the agreement provides, in part, as follows:
 "Wife to transfer 1/2 the value of her SEP as of today's date."
It is undisputed that the value of Ms. Herron's SEP account on April 27, 2001 was $103,912.
Mr. Stone asserts that the plain language of the agreement obligates the defendant to transfer one half of $103,912 to him. He therefore has sought and continues to seek $51,956 from the SEP account. Mr. Stone further asserts that he, through counsel, has made diligent efforts to enforce this portion of the judgment. These efforts included multiple CT Page 1185 motions for contempt, Rules to Show Cause and numerous phone calls and letters. At one point, the court (Devine, J.) issued a capias commanding the arrest of the plaintiff based on her failure to appear at a contempt hearing.
In the Spring of 2002, about one year after the judgment, transfer forms were submitted to the SEP Administrator, Merrill Lynch, in an effort to divide the account. Merrill Lynch ultimately did not honor the forms. It appears that this was due to conflicting instructions from the parties' lawyers. Thereafter, the present Rule to Show Cause and Motion for Contempt was brought and heard before this court on December 9, 2002.
Ms. Herron objects to the motion for contempt on two basic grounds. First, she asserts that Mr. Stone delayed in establishing an appropriate account to receive his share of the SEP funds. Second, she argues that she should not bear the full burden of the loss on the account and that the account should be divided equally based on its value as of the date of the present motion, October 22, 2002.
Ms. Herron's arguments are unpersuasive for two reasons. The claim that Mr. Stone's delay in establishing an appropriate account to receive funds is the reason the funds were not more timely transferred is inconsistent with the pattern of the plaintiffs noncooperation that is evident from the record. Second, and more importantly, the reason the SEP account was not divided in the Spring of 2002 is because the plaintiff would not agree to have $51,912 transferred to the defendant. Presumably this is because the value of the SEP account had declined to the point where that amount was more than one half the present value. Rather than transferring $51,912 to Mr. Stone, Ms. Herron sought then, and now, to divide the account assets thereby equalizing the loss in market value.
The court finds that a fair interpretation of the above-quoted language used in paragraph 5 of the agreement mandates Ms. Herron to transfer $51,912 to Mr. Stone. That amount is one half the value of the SEP account on April 27, 2001. The plaintiffs claim that the account should be divided in kind or based on its value on October 2002 is inconsistent with the plain meaning of the agreement. The court is mindful that this results in Mr. Stone receiving more than one half of the present value of the SEP account. This, however, is a situation largely of the plaintiffs own making since she was in control of the SEP account at all times. Moreover, had the account increased in value, as it had in the months preceding the judgment, she would have gained the full benefit of such increase. CT Page 1186
The question of whether Ms. Herron willfully violated the court's judgment regarding the SEP account is a close one. While her interpretation of the language of the judgment has been rejected, it is an arguable position to take. The plaintiffs argument would be stronger, however, had she more forthrightly asserted a difference of interpretation much earlier. It may well be that the noncooperation and delays attributable to Ms. Herron were principally an effort to postpone distribution in hopes that the market value of the stocks in the fund would improve.
Upon consideration of the full record in this case, the court does not find a willful contempt. Notwithstanding this finding, the defendant is entitled to attorney fees and costs associated with his efforts to enforce the judgment.
 Conclusion
Based upon the above, the court enters the following orders:
1. Ms. Herron shall effectuate the transfer of $51,912 in cash from her SEP account to an account specified by Mr. Stone. Such transfer shall occur within thirty days of this order.
2. Ms. Herron shall pay attorney fees in the amount of $2,000 and costs in the amount of $645 to Attorney Joseph P. Rigoglioso within thirty days of this order.
3. The defendant's motion for a finding of willful contempt is denied.
So Ordered at Norwich, Connecticut this 23 day of January, 2003.
___________________ Devlin, J. CT Page 1187